NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHAT N STICKY, LLC,

No.    22-36036

Plaintiff-Appellant,

D.C. No. 2:22-cv-00071-SAB

v.

MEMORANDUM[*]

TOP SHELF LED, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted May 9, 2024
Seattle, Washington

Before:  MURGUIA, Chief Judge, and McKEOWN and OWENS, Circuit Judges.

Phat N Sticky, LLC ("Phat") appeals the district court's dismissal of its

amended complaint with prejudice. In its amended complaint, Phat alleges that Top

Shelf LED, Inc.'s ("Top Shelf") defective lighting products self-ignited and

destroyed its real and personal property.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's decision on a motion to dismiss. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).

We affirm the district court's dismissal with prejudice with respect to Count I, which alleges common law negligence. "The [Washington Product Liability Act ("WPLA")] is the exclusive remedy for product liability claims. It supplants all common law claims or actions based on harm caused by a product." *Macias v. Saberhagen Holdings, Inc.*, 282 P.3d 1069, 1073 (Wash. 2012) (citations omitted). Accordingly, Phat's first cause of action for common law negligence fails as a matter of law, and leave to amend would be futile.

We affirm the district court's dismissal with prejudice with respect to Count VI, which alleges breach of warranty. Like a common law negligence claim, a tort-based common law breach of warranty claim is preempted by the WPLA and fails as a matter of law. Top Shelf argued as much in the district court. In response, Phat stated, "[A]t the pleading stage it cannot be determined whether these claims are *solely* based on common law theories of negligence and breach of warranty." Facing the same argument on appeal, Phat now argues for the first time that Count VI does not allege a common law tort, but rather alleges a statutory contract law violation—specifically, a violation of Washington's Universal Commercial Code ("UCC") provisions.

"Ordinarily an appellate court does not give consideration to issues not

raised below." *Hormel v. Helvering*, 312 U.S. 552, 556 (1941). Phat had the opportunity to raise its UCC argument below and failed to do so. We consider this argument forfeited. Accordingly, we analyze the claim under tort common law. The WPLA preempts Phat's breach of warranty claim, dismissal was proper, and amendment would be futile.

In light of the procedural posture, we reverse the district court's denial of leave to amend with respect to Counts II, III, IV, and V. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). We remand the case to allow a final opportunity for such amendment. In amending, Phat should be mindful that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Each party shall pay its own costs on appeal.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**